GEORGE A. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD T. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JONATHAN BROWN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7993, 7994, 8002. Promulgated April 19, 1927.

The statute of limitations contained in the Revenue Act of 1924 bars deficiencies for the year 1916 after the expiration of five years from the date the return was filed.

*Starr Parsons, Esq.*, and *John J. Leonard, Esq.*, for the petitioners.
*J. E. Marshall, Esq.*, for the respondent.

These proceedings result from the determination of deficiencies in tax in the appeal of Edward T. Brown for the calendar years 1916, 1920, and 1921, in the aggregate amount of $1,588.73; in the appeal of Jonathan Brown, Jr., for the calendar years 1920 and 1921, in the aggregate amount of $3,671.48; and in the appeal of George A. Brown, for the calendar years 1920 and 1921, in the aggregate amount of $2,429.56. The three appeals were consolidated by appropriate motion for hearing and decision. The sole issue raised in the appeals of Jonathan Brown, Jr., and George A. Brown, relates to the proper

share of the taxable net income for the calendar years 1920 and 1921 from the copartnership of Jonathan Brown & Sons, of Salem, Mass. It was stipulated at the hearing of these proceedings by counsel for the respective parties, that the correct net income from the copartnership for the years 1920 and 1921, in the appeal of Jonathan Brown, Jr., for the calendar year 1920 was $114,923.89 and for the calendar year 1921 was $17,606.18, and in the appeal of George A. Brown, his correct net income from the copartnership for the year 1920 was $96,248.32 and for the year 1921 was $9,725.20. In the appeal of Edward T. Brown, it was stipulated that his correct net income from the copartnership for the year 1920 was $46,238.34 and for the year 1921, $3,905.31. Only one question remains for decision and that relates to the proposed deficiency determined against Edward T. Brown for the year 1916, and the only question involved is whether the proposed deficiency was barred by the statute of limitations at the date of the issuance of the deficiency letter by the respondent.

### FINDINGS OF FACT.

Edward T. Brown is an individual, residing at Swampscott, Mass., and on February 28, 1917, he filed with the collector of internal revenue at Boston, Mass., his individual and original return of income for the calendar year 1916. On August 13, 1925, the Commissioner mailed to Edward T. Brown, a notice of deficiency, registered, advising him of his determination of the deficiency for the year 1916, in the amount of $786.94.

### OPINION.

MILLIKEN: Section 277 (a) (2) of the Revenue Act of 1924 provides that the amount of income or profits taxes imposed by " the Revenue Act of 1916, the Revenue Act of 1917, * * * and by any such Act as amended, shall be assessed within five years after the return was filed." The deficiency letter from which the appeal for the year 1916 was taken, was mailed to the petitioner more than five years after the return was filed on March 27, 1917, and the limitation of time within which taxes must be assessed for the year 1916 had expired.

The deficiencies in tax, if any, for the years 1920 and 1921, in the three appeals, should be recomputed in accordance with the stipulations of the parties, as concerns the net income from the copartnership for those years.

*Judgment will be entered on 15 days' notice, under Rule 50.*